*Notice: This opinion is subject to formal revision before publication in the Atlantic and Maryland Reporters. Users are requested to notify the Clerk of the Court of any formal errors so that corrections may be made before the bound volumes go to press.*

**DISTRICT OF COLUMBIA COURT OF APPEALS**

No. 24-BG-1135

IN RE SONYA N. ARMFIELD, RESPONDENT.

A Suspended Member of the Bar
of the District of Columbia Court of Appeals
(Bar Registration No. 491717)

On Report and Recommendation
of the Board on Professional Responsibility

(BDN: 22-BD-076; DDN No. 2016-D230)

(Decided August 14, 2025)

Before: MCLEESE, DEAHL, and SHANKER, *Associate Judges*.

PER CURIAM: The Board on Professional Responsibility recommends that Sonya N. Armfield be disbarred from the practice of law for intentional or, at a minimum, reckless misappropriation of client funds and serious interference with the administration of justice, in violation of D.C. R. Pro. Conduct 1.15(a) and 8.4(d).

Although respondent filed a cursory notice of exceptions to the Board's Report and Recommendation, she did not file a brief, and our review is accordingly deferential and limited. *In re Dubow*, 729 A.2d 886, 887 (D.C. 1999) (per curiam) ("[R]eview of the Board's report should be deferential where respondent has

bypassed the opportunity to identify and brief issues."). Moreover, we observe that respondent did not present any argument to the Board concerning the Hearing Committee's Report and Recommendation and thus has failed to preserve any argument that she could have raised to the Board. *In re Chapman*, 284 A.3d 395, 400 (D.C. 2022) ("Our court has consistently held that an attorney who fails to present a point to the Board waives that point and cannot be heard to raise it for the first time here." (internal quotation marks omitted)).

Upon review of the record, we find no reason to question the Board's factual findings and conclusions—including the determination that respondent engaged in at least reckless misappropriation of client funds. Because disbarment is the usual sanction for intentional or reckless misappropriation, *see In re Johnson*, 321 A.3d 642, 652 (D.C. 2024) (per curiam) ("In virtually all cases of misappropriation, disbarment will be the only appropriate sanction unless it appears that the misconduct resulted from nothing more than simple negligence." (internal quotation marks and brackets omitted)), we accept the Board's recommendation that respondent be disbarred. Accordingly, it is

ORDERED that respondent Sonya N. Armfield is hereby disbarred from the practice of law in this jurisdiction. Respondent's attention is directed to the

requirements of D.C. Bar R. XI, § 14 and their effect on eligibility for reinstatement. *See* D.C. Bar R. XI, § 16(c).

*So ordered.*